UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| MATTHEW COLLINS, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:22-CV-49-KAC-SKL |
| WARREN COUNTY, TENNESSEE, JACKIE MATHENY, JR., DANNIE GLOVER, ASHLEY RAMBO, and TOMMY MEYERS, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

Plaintiff, proceeding through counsel, filed this action under 42 U.S.C. § 1983 alleging that Defendants failed to provide him adequate medical treatment during his incarceration in the Warren County Jail, in violation of the Eighth Amendment [Doc. 9]. Now before the Court is Defendant Dr. Dannie Glover's "Motion to Dismiss" under Federal Rule of Civil Procedure 12(b)(6) [Doc. 12]. For the reasons set forth below, the Court **DENIES** Defendant Dr. Glover's Motion.

## I.  BACKGROUND[1]

At all times relevant to the Amended Complaint, Plaintiff was serving a sentence of incarceration at the Warren County Jail [Doc. 9 at 2]. Defendant Dr. Glover "supervised all medical treatments at the Warren County Jail" [*Id.*]. On October 8, 2021, during his incarceration, Plaintiff "fell on concrete and injured his shoulder" [*Id.*]. Plaintiff "promptly requested" medical

---

[1] At this stage in the litigation, the Court construes the Amended Complaint in the light most favorable to Plaintiff, accepts all well-pled factual allegations as true, and draws all reasonable inferences in Plaintiff's favor. *See Hogan v. Jacobson*, 823 F.3d 872, 884 (6th Cir. 2016).

care and "repeatedly complained about being in serious pain" but did not receive medical attention until October 11, 2021 [*Id.* at 3]. On October 11, "jail personnel took [Plaintiff] for an x-ray at a local hospital, where they learned that [Plaintiff's] shoulder joint was separated, meaning that the ligament was torn" [*Id.* at 3]. On October 14, jail personnel took Plaintiff to see an orthopedic specialist, who stated that Plaintiff "probably would not need surgery, but that with more limited treatments, the shoulder would likely heal for the most part in a matter of 3 weeks, with more thorough healing in 6 weeks" [*Id.*]. The orthopedic specialist "ordered (a) [t]hat the arm be placed in a sling, (b) [t]hat the patient be provided physical therapy 2-3 times per day, (c) [t]hat the patient avoid heavy lifting for the whole 6-week period, and (d) [t]hat the jail medical personnel provide the doctor with an update in 6 weeks on whether the shoulder had fully healed" [*Id.*]. A "sling was provided," but Defendant Dr. Glover and "all the other jail medical personnel mostly ignored the treatment plan" [*Id.*].

Plaintiff "continued to experience severe pain" and "continually complained to the jail's medical department" [*Id.*]. On November 18, 2021, Defendant Nurse Rambo noted that Plaintiff's shoulder had not healed, and that Plaintiff "experienc[ed] a lack of range of motion and pain" [*Id.* at 4]. Jail records indicate that Plaintiff "still complain[ed] about the unhealed shoulder in December 2021" but "nothing was being done" [*Id.*]. Defendant Dr. Glover refused to meet with Plaintiff or have anyone examine him [*Id.*].[2] Instead, Defendant Dr. Glover ordered that Plaintiff receive "acetaminophen or [] a non-steroidal anti-inflammatory drug" [*Id.*].

Jail records from February 2022 purportedly indicate that Plaintiff continued to complain about his shoulder, and "nothing was being done" [*Id.*]. Also in February 2022, "a psychological

---

[2] Defendant Dr. Glover notes that "Plaintiff was seen and examined by Dr. Glover" [*See* Doc. 13 at 5]. But at this time, the Court must accept Plaintiff's well-pled factual allegation as true. *See Hogan*, 823 F.3d at 884.

2

therapist reported . . . to the other medical officials that [Plaintiff's] bone was noticeably sticking out (albeit under the skin) where it should not have been, namely on [Plaintiff's] right shoulder" [*Id.*]. Following this report, Defendants Dr. Glover and Nurse Rambo discussed Plaintiff's shoulder injury and asked Defendant Sheriff Tommy Meyers whether surgery should be provided [*Id.* at 4-5]. Defendant Sheriff Meyers and the "County Attorney" told Defendants Dr. Glover and Nurse Rambo "that surgery was unavailable" because the County had a policy or custom "of not providing medical treatment except in cases of 'emergency'" [*Id.* at 5]. Plaintiff further asserts that "surgery was viewed as too expensive" [*Id.*]. Accordingly, rather than seek further treatment, Defendant Dr. Glover offered Plaintiff antidepressant medication, which Plaintiff declined [*Id.*]. Jail officials "refused to give [Plaintiff] any further treatment" for his shoulder during the remainder of his incarceration in the Warren County Jail, which lasted through June 2022 [*Id.*].

On January 27, 2023, Plaintiff filed an Amended Complaint, asserting a claim under 42 U.S.C. § 1983 for deliberate indifference to Plaintiff's medical needs in violation of the Eighth Amendment [Doc. 9]. In response, Defendant Dr. Glover filed the instant Motion to Dismiss, [Doc. 12], asserting that the Amended Complaint fails to state a claim for relief because (1) "it amounts to nothing more than an attempt to second guess Dr. Glover's medical judgment," [Doc. 13 at 4]; (2) "there is neither an allegation nor factual basis for an allegation that Dr. Glover was aware of recommended treatment from the orthopedic specialist that was not being provided," [Doc. 13 at 5]; and (3) "there is no allegation that Dr. Glover was the individual responsible" for the decision not to provide shoulder surgery, [Doc. 13 at 6]. Plaintiff opposed Defendant Dr. Glover's Motion, [Doc. 20], and Defendant Dr. Glover filed a reply, [Doc. 21].

## II. APPLICABLE LAW

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 545, 570 (2007). "A claim

3

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must construe the operative complaint in the light most favorable to Plaintiff, accept all well-pled factual allegations as true, and draw all reasonable inferences in Plaintiff's favor. *See Hogan*, 823 F.3d at 884.

Although "the Constitution generally confer[s] no affirmative right to government aid, even where such aid may be necessary to secure life, liberty or property interests[,]' . . . 'in certain limited circumstances the Constitution imposes upon the State affirmative duties of care and protection with respect to particular individuals.'" *Trozzi v. Lake Cnty.*, 29 F.4th 745, 751 (6th Cir. 2022) (quoting *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196-98 (1989)) (citations omitted). The Eighth Amendment "forbids prison officials from unnecessarily and wantonly inflicting pain on an inmate by acting with deliberate indifference toward [his] serious medical needs." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)) (internal quotation marks omitted).

An Eighth Amendment claim for inadequate medical care has "objective and subjective components." *See Helphenstine v. Lewis Cnty.*, 60 F.4th 305, 315 (6th Cir. 2023) (citations and quotations omitted); *see also Farmer v. Brennan*, 511 U.S. 825, 834, 842 (1994). The "objective component" "requires a plaintiff to prove that the alleged deprivation of medical care was serious enough to violate the Constitution." *Id.* (quotations and citations omitted). And the "subjective component" "requires a plaintiff to show that a defendant knew of and disregarded an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference would be drawn that a substantial risk of serious harm exists, and he must draw the inference." *Id.* (cleaned up). More specifically, a showing of deliberate indifference requires proof that "each defendant 'subjectively perceived facts from which to infer substantial risk to the prisoner, that he

4

did in fact draw the inference, and that he then disregarded that risk' by failing to take reasonable measures to abate it." *Rhinehart v. Scutt*, 894 F.3d 721, 738 (6th Cir. 2018) (quoting *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001)). Plaintiff must present evidence "that each defendant 'so recklessly ignored the risk that he was deliberately indifferent to it.'" *See id.* (quoting *Cairelli v. Vakilian*, 80 F. App'x 979, 983 (6th Cir. 2003)).

"[T]here is a high bar that a plaintiff must clear to prove an Eighth Amendment medical-needs claim: The doctor must have '*consciously* expos[ed] the patient to an *excessive* risk of *serious* harm.'" *Id.* at 738-39 (quoting *Richmond v. Huq*, 885 F.3d 928, 940 (6th Cir. 2018)) (emphasis in original). "A doctor is not liable under the Eighth Amendment if he or she provides reasonable treatment, even if the outcome of the treatment is insufficient or even harmful." *Id.* at 738 (citing *Farmer*, 511 U.S. at 844). Allegations that a prisoner did not receive the medical treatment he wanted are not sufficient alone to state a Section 1983 Eighth Amendment claim. *See Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017). Thus, where a prisoner received medical care for the applicable condition, his disagreement with the adequacy of that care generally does not rise to the level of a constitutional violation. *See Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1996) ("federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law").

"A prison doctor's failure to follow an outside specialist's recommendation does not necessarily establish inadequate care." *Rhinehart*, 894 F.3d at 742. A prison doctor may prescribe an adequate, alternative treatment without violating the Eighth Amendment. *See id.* (citing *Santiago v. Ringle*, 794 F.3d 585, 591 (6th Cir. 2013)). But "interruption of a prescribed plan of treatment could constitute a constitutional violation." *See Darrah*, 865 F.3d at 368 (quoting *Boretti v. Wiscomb*, 930 F.2d 1150, 1154 (6th Cir. 1991)). "[A] decision to provide an 'easier and less

5

efficacious treatment' may suffice to establish deliberate indifference." *Id.* at 372 (quoting *Warren v. Prison Health Servs., Inc.*, 576 F. App'x 545, 552 (6th Cir. 2014). In certain circumstances, where a prison physician knew of a prisoner's need for specific care and provided only some of the needed care, "a reasonable jury could conclude that [the physician] knew that treatment plan would be inadequate." *Helphenstine*, 60 F.4th at 323 (decided under the substantially similar Fourteenth Amendment deliberate indifference framework). And "[w]hen prison officials are aware of a prisoner's obvious and serious need for medical treatment and delay medical treatment of that condition for non-medical reasons, their conduct in causing the delay creates [a] constitutional infirmity." *Blackmore*, 390 F.3d at 899.

Finally, in rare circumstances, medical care can be "so woefully inadequate as to amount to no treatment at all," thereby violating the Eighth Amendment. *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2001). "And when the medical need is obvious, 'medical care which is so cursory as to amount to no treatment at all may amount to deliberate indifference.'" *Helphenstine*, 60 F.4th at 322 (quoting *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002)).

### III. ANALYSIS

Here, construing the well-pled factual allegations in Plaintiff's Amended Complaint as true, it states a plausible claim for relief against Defendant Dr. Glover. Defendant Dr. Glover does not contest the alleged derivation of medical care for Plaintiff was serious enough to violate the Constitution [*See* Doc. 13 at 2-3]. And Plaintiff asserts sufficient facts to plausibly assert that Defendant Dr. Glover—who "supervised all medical treatments at the Warren County jail"—recklessly disregarded a substantial known risk to Plaintiff's health [*See* Doc. 9 at 2]. *See Rhinehart*, 894 F.3d at 738.

Defendant Dr. Glover, as the doctor in charge of supervising all medical treatments at the

6

Warren County Jail, was or should have been aware of the orthopedic specialist's orders regarding Plaintiff's treatment [*See* Doc. 9 at 2]. Nonetheless, jail medical staff, under the supervision of Defendant Dr. Glover, largely rejected the orthopedic specialist's orders [*Id.* at 3]. Notably, Defendant Dr. Glover did provide Plaintiff some treatment, offering pain-relieving and antidepressant medications [*Id.* at 3-5]. But Defendant Dr. Glover did not ensure that medical staff followed the orthopedic specialist's "ordered" plan of treatment [*See id.* at 3]. *See also Darrah*, 865 F.3d 361, 372-73 (6th Cir. 2017) (interrupting a prescribed plan of treatment may constitute a constitutional violation). Nor did Defendant Dr. Glover provide Plaintiff with alternative substantive care in response to either Plaintiff's continued complaints of severe pain well beyond his estimated recovery time or reports from other medical staff that "a bone was noticeably sticking out" [Doc. 9 at 4-5]. *See Darrah*, 865 F.3d at 373 (persisting in an ineffective treatment plan may constitute a constitutional violation); *Warren*, 576 F. App'x at 552 (providing an "easier and less efficacious treatment" may amount to deliberate indifference); *Est. of Majors v. Gerlach*, 821 F. App'x 533, 543 (6th Cir. 2020) (disregarding a plaintiff's continued complaints of symptoms supports a finding of deliberate indifference). A reasonable jury could conclude that the treatment Dr. Glover provided was "so cursory as to amount to no treatment at all." *See Helphenstine*, 60 F.4th at 322-23 (citing *Rouster v. Cnty. of Saginaw*, 749 F.3d 437, 448 (6th Cir. 2014) ("Had [the defendant] been subjectively aware of the seriousness of [the inmate's] medical condition, her decision to treat him only with over-the-counter medication might have been so cursory as to amount to a conscious disregard of his needs.")). With the aid of discovery, Defendant Dr. Glover's actual actions may prove not to be inadequate under the Eighth Amendment, but at this stage of the litigation, the Amended Complaint states a plausible claim against him.

7

## IV. CONCLUSION

For the reasons set forth above, the Court **DENIES** Defendant Dr. Glover's "Motion to Dismiss" [Doc. 12].

IT IS SO ORDERED.

                                              s/ Katherine A. Crytzer
                                              KATHERINE A. CRYTZER
                                              United States District Judge